Yungmoon Chang (SBN 311673)
KIRKLAND &ELLIS LLP
695 Town Center Dr., Suite 1700
Costa Mesa, CA 92626
(310) 552-4200
(310) 552-5900 (fax)
yungmooon.chang@kirkland.com

Dale M. Cendali (*pro hac vice* forthcoming)
Mary Mazzello (*pro hac vice* forthcoming)
KIRKLAND & ELLIS LLP
601 Lexington Avenue, 44th Floor
New York, NY 10022
(212) 446-48000
(212) 446-4900 (fax)
dale.cendali@kirkland.com
mary.mazzello@kirkland.com

*Attorneys for Plaintiff Airbnb, Inc.*

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AIRBNB, INC., | **CASE NO. 2:26-cv-3707** |
| *Plaintiff*, | **COMPLAINT** |
| v. | **JURY TRIAL DEMANDED** |
| SOUL BNB LLC, | |
| *Defendant*. | |

## NATURE OF THE ACTION

1.      This case arises from Defendant Soul BnB LLC's ("Defendant" or "Soul BnB") use and attempted registration of the trademark SOUL BNB in connection with wellness getaways, including health and wellness services and accommodation, in a manner likely to cause confusion with Airbnb, Inc.'s ("Airbnb") famous AIRBNB mark.

2.      Defendant was well-aware of the AIRBNB mark prior to selecting the name SOUL BNB. Yet despite myriad name options that would not trade on the AIRBNB mark—such as Soul Stays or Healing Escapes—Defendant chose SOUL BNB, gratuitously adopting the distinctive BNB element of the AIRBNB mark.

3.      The resulting combination is likely to confuse consumers into believing that SOUL BNB comes from, is sponsored by, or is affiliated with the preexisting AIRBNB brand to the harm of consumers and Airbnb's long-held rights.

4.      Airbnb initially challenged Defendants' application to register the SOUL BNB mark (the "Infringing Mark") in the Trademark Trial and Appeal Board ("TTAB") of the United States Patent and Trademark Office ("USPTO") due to the likelihood of confusion between the parties' marks.

5.      On February 3, 2026 the TTAB issued an order (the "Order") finding that the parties' "services are related," that the services are likely to be "encountered by the same classes of consumers in the same channels of trade," that the AIRBNB mark is "entitled to a broader scope of protection against confusingly similar marks," and that survey evidence provided some evidence of actual confusion. It nonetheless erroneously decided that there was no likelihood of confusion and Defendant's Infringing Mark could register.

6.      Airbnb thus files this action to overturn the TTAB decision, deny Defendant's application (Serial No. 97/637,496, the "Application") to register the Infringing Mark, and enjoin Defendant's continued use of the Infringing Mark on the bases of likelihood of confusion and dilution with Plaintiff's AIRBNB mark.

1

7. The standard of review for this action is *de novo*. *B & B Hardware, Inc. v. Hargis Indus., Inc.*, 575 U.S. 138, 144 (2015) ("In [an appeal to] district court, the parties can conduct additional discovery and the judge resolves registration *de novo*"); *see also* 15 U.S.C. §1071(b).

### PARTIES

8. Airbnb, Inc. is a Delaware corporation with a principal place of business at 888 Brannan Street, San Francisco, California 94103.

9. On information and belief, Defendant Soul BnB LLC is a limited liability company organized under the laws of the State of California, with an address of 20470 E Rancho Los Cerritos Rd, Covina, California 91724.

### JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over Airbnb's *de novo* appeal pursuant to Section 21(b) of the U.S. Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. § 1071(b)(1), which provides that a party dissatisfied with a final decision of the Board may institute a new civil proceeding challenging such a decision.

11. This Court has subject matter jurisdiction over Airbnb's other Lanham Act claims pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1331, and 28 U.S.C. § 1338, and supplemental jurisdiction over Airbnb's state-law claims pursuant to 28 U.S.C. § 1367(a).

12. Defendant is subject to personal jurisdiction in this District, and venue is proper pursuant to 28 U.S.C. § 1391(b), because, on information and belief, Defendant is a California company, regularly conducts business in this District, actively solicits customers in this District, and resides in this District. Upon further information and belief, Defendant has offered and sold services in California under the Infringing Mark, and such conduct has caused harm to Airbnb, a California company.

### FACTS COMMON TO ALL CLAIMS FOR RELIEF

#### 1. THE AIRBNB MARK

13. Airbnb is a San Francisco based company founded in 2008, which provides

2

COMPLAINT                                                   CASE NO. 2:26 CV 3707

consumers with an online marketplace to list, view, and book accommodations, services, and experiences around the world through its travel and hospitality platform, which is offered through Airbnb's website www.airbnb.com and through Airbnb's popular mobile application ("The Airbnb Platform").

14.    The idea for Airbnb started in 2007 with two hosts welcoming three guests to their San Francisco home, and has since grown into a global community of over 5 million hosts who have welcomed over 2.5 billion guest arrivals in almost every country and region across the globe. Every day, hosts offer unique stays, experiences, and services that enable guests to connect with communities in a more authentic way. Airbnb operates a global marketplace connecting guests with stays, experiences, and services, collectively in over 220 countries and regions.

15.    The accommodations available on the Airbnb platform include a wide range of offerings, such as treehouses, cottages, condos, cabins, entire homes, chalets, and campers. Since 2016, consumers can also book a variety of experiences through the Airbnb platform, including wellness experiences. Just a few current examples are shown below:



[1]

---
[1]    https://www.airbnb.com/experiences/297124

COMPLAINT                                        CASE No. 2:26 cv 3707



16.    Airbnb's founders coined the fanciful term "Airbnb" soon after founding the company. The term has no ordinary English language meaning.

17.    Airbnb owns numerous U.S. registrations and pending applications for AIRBNB, including, but not limited to U.S. Reg. Nos. 3,890,025; 3,890,027; 3,971,784; 4,289,397; 4,329,542; 4,385,613; 4,884,815; and 4,983,513.

18.    Printouts confirming the status of the registrations and application specified above are attached as **Exhibit A**. These registrations, all of which are incontestable, collectively along with Airbnb's common-law rights in AIRBNB, are referred to as the "Airbnb Mark."

19.    The goods and services Airbnb provides in connection with the Airbnb Platform, together with the goods and services described in the above-referenced registrations and application, are referred to as "Airbnb's Goods and Services."

20.    Airbnb's Goods and Services are offered in interstate commerce under The Airbnb Mark.

21.    The Airbnb Mark is inherently distinctive as applied to Airbnb's Goods and Services.

22.    The Airbnb Mark is also famous, as Airbnb is known worldwide for its revolutionary approach to travel and hospitality.

23.    Airbnb has invested substantial funds and resources to acquire broad consumer recognition, including through marketing and media relations. For example,

---

[2]    https://www.airbnb.com/experiences/6627959

COMPLAINT                                                    CASE NO. 2:26 CV 3707

in 2025, Airbnb launched an advertising campaign called "Stay Grounded," which highlighted Airbnb's in-home service offerings, including private chefs, massages and yoga. Advertisements for the campaign aired on television and were shared across the Internet.

24.    In addition to more traditional forms of advertising, Airbnb has partnered with numerous brands across various industries to promote the Airbnb Mark. In 2019, Airbnb partnered with the famous Louvre Museum in Paris to offer a once in a lifetime opportunity to spend a night in the museum. Airbnb has also partnered with the FIFA World Cup and is an official partner of the Olympics.

25.    Airbnb has also received extensive media attention, has been endorsed by numerous celebrities and influencers, and is commonly referenced in popular culture.

26.    In addition, Airbnb has received numerous high-profile awards and accolades, including South by Southwest's Interactive Awards for Mobile (i.e., "Best Mobile App" of the year) in 2011, World Travel Award's "World's Leading Online Travel Accommodation Marketplace" from 2017 through 2020, and four (4) Bronze Lions across Media, PR and Brand Experience & Activation Lions at Cannes Lions International Festival of Creativity in 2025, among others.

27.    Airbnb's Goods and Services offered and rendered under the Airbnb Mark have been the subject of substantial unsolicited media coverage as well, including in numerous high profile media outlets such as The New York Times, The Wall Street Journal, The Los Angeles Times, Vanity Fair, and USA Today.

28.    Interbrand, a well respected authority in the field of brand value, has recognized the AIRBNB brand as a top global brand since 2022. Interbrand releases annual brand rankings based on what is, according to them, the world's most extensive longitudinal study on the role that brands play in driving revenue and creating market value. In 2025, Interbrand ranked AIRBNB as number 45 in its top 100 global brands—ahead of other famous brands like Audi, Nintendo, and Uber—with an estimated brand value of 17.9B.

29.    Today, the AIRBNB-branded marketplace includes more than 9 million active listings spanning more than 150,000 cities and towns in more than 220 countries. As the company's twentieth anniversary approaches, Airbnb has facilitated more than 2 billion all-time guest arrivals, generating more than $300 billion in host earnings.

30.    In 2025, Airbnb reported more than $12 billion dollars in revenue, out of more than $91 billion dollars in gross booking value for the more than 500 million nights and seats booked on the Airbnb platform.

31.    As a result of Airbnb's tremendous success in the marketplace, its extensive promotion of its brand, and the substantial publicity generated through unsolicited media coverage and celebrity endorsements, the Airbnb Mark is famous and a household name. It has become widely recognized by the general consuming public of the United States as a designation of source of Airbnb's Goods and Services. Indeed, as far back as 2021, a consumer survey conducted by renowned expert Hal Poret found that more than 90% of relevant consumers recognized the Airbnb brand.

32.    The "BNB" element of the famous Airbnb mark does not have longstanding use in American English. In current usage, the sequence "bnb" is closely associated with the brand AIRBNB. For example, all books in the Google Books archive with "bnb" in the title are in specific reference to Airbnb.

33.    In the wake of Airbnb's popularity, other businesses have emerged that have tried to use the letter sequence "BNB" to associate their businesses with Airbnb. Airbnb has diligently enforced its trademark rights to protect consumers from confusion and prevent these newcomers from unfairly benefiting from or tarnishing Airbnb's reputation.

34.    Airbnb competitors, media, and the general public use numerous terms to describe the services available on platforms like Airbnb, including "stays," "accommodations," "vacation rentals," "home rentals," "getaways," and more. All of those terms were available to Defendant when it was selecting a name for its business. Yet Defendant improperly chose "BNB" to trade off Airbnb's popularity and close

6

association with this phrase.

## 2.  DEFENDANT'S INFRINGING SOUL BNB MARK

35.    According to electronic records of the USPTO, on or about October 18, 2022, Defendant filed U.S. Trademark Application Serial No. 97/637,496 seeking to register the Infringing Mark for "Health spa services for health and wellness of the mind, body and spirit offered in or from a remote, mobile or temporary on-site location" in International Class 44 on an intent-to-use basis.

36.    On information and belief, Defendant uses the mark in commerce in connection with curated "wellness getaways," including private retreats, crystal mining experiences and equine therapy, and a platform for booking these experiences. An excerpt from Defendant's website showing this use is below:



37.    On information and belief, Defendant then pairs these wellness services with beautiful and/or remote lodging, so your "wellness has a home." Like Airbnb, Defendant offers users the ability to book temporary stays for its customers. In fact, before the TTAB, Defendant admitted that its services include "temporary accommodation arrangements" in connection with its wellness retreat services.

7

COMPLAINT

CASE NO. 2:26 CV 3707

38. Airbnb owns senior trademark rights in the Airbnb Mark. Airbnb's use and registrations of the Airbnb Mark predate both the October 18, 2022 filing date for Defendant's Application and Defendant's first use which, on information and belief, was in 2023.

39. The Airbnb Mark became famous before Defendant applied to register or began using the Infringing Mark, and remains famous today. It is thus entitled to a broad scope of protection.

40. Further, Defendant was familiar with the Airbnb Mark prior to selecting the Infringing Mark and, on information and belief, adopted the SOUL BNB mark with knowledge of the similarity between the Infringing Mark and the Airbnb Mark and an intent to trade off Airbnb's reputation. In fact, Defendant considered multiple alternative names that would have been suitable for its business, but instead chose the name that would trade off the goodwill established by Airbnb's extensive and continuous investments in establishing the reputation associated with the Airbnb Mark.

41. The Infringing Mark is similar to the Airbnb Mark in overall commercial impression, connotation, and sound. Both marks follow a common structure which presents a similar commercial impression: a simple, single-syllable word (Air and Soul) followed by the identical sequence BNB.

42. Defendant's services as stated in the Application and as used in commerce are also identical, closely related, and/or complementary to Airbnb's Goods and Services. Both parties facilitate "temporary accommodation arrangements." Both parties offer a platform for booking wellness experiences. Defendant's "wellness getaways," which, on information and belief, are intended to provide wellness and personal growth experiences combined with comfortable lodging, are closely related and/or complementary to the getaways and wellness experiences Airbnb promotes and has available on its platform. The services listed in the Application and those provided by Defendant under the Infringing Mark are collectively referred to as "Defendant's Goods and Services."

COMPLAINT                                                                  CASE NO. 2:26 CV 3707

43. On information and belief, the parties also use overlapping trade channels in offering and selling Defendant's Goods and Services and Airbnb's Goods and Services, respectively, such as their websites airbnb.com and soulbnb.space. The parties' trade channels also overlap as to the Application because it contains no restrictions on trade channels.

44. In addition, on information and belief, Defendant's Goods and Services on the one hand, and Airbnb's Goods and Services on the other, are marketed, are intended to be marketed, or will be marketed to similar and overlapping classes of consumers and potential consumers and through similar marketing channels. For instance, both companies advertise through their social media accounts, targeted social media advertising campaigns, and through their websites.

45. Consumers familiar with the Airbnb Mark are likely to assume—incorrectly—that Defendant's Goods and Services originate from Airbnb or that Airbnb has licensed, endorsed, or authorized Defendant to offer such goods and services or use the Infringing Mark.

46. Consumers familiar with the Airbnb Mark or with Airbnb's Goods and Services are also likely to associate the Infringing Mark and Defendant's Goods and Services with the famous Airbnb Mark.

47. Such likelihood of confusion and association harms Airbnb and its consumers by eroding the trust Airbnb's consumers have in the Airbnb brand and its Goods and Services by falsely suggesting that Airbnb is affiliated with or endorses Defendant's Goods and Services when it does not. Consumers could easily wrongly believe that Soul BnB was an offshoot of or sponsored by Airbnb. Defendant's conduct also harms Airbnb by threatening to weaken the connection between the Airbnb Mark and its Goods and Services in the minds of consumers, which would weaken Airbnb's brand power. Furthermore, Airbnb cannot control Defendant's use of the SOUL BNB mark, or the impact of Defendant's use on Airbnb's reputation.

48. In light of the foregoing, on December 15, 2023, Airbnb filed a Notice of

9

Opposition with the Board opposing registration of the Infringing Mark.

49. On February 3, 2026, the Board erroneously denied Airbnb's Notice of Opposition. Attached as **Exhibit B** is a true and correct copy of the Order.

50. Airbnb timely filed this action seeking *de novo* review and vacatur of the Order as well as injunctive relief and damages for Defendant's infringing and dilutive conduct.

**CLAIMS FOR RELIEF**

**COUNT I**

**Request for Reversal of the TTAB Decision and Denial of the Application**

**(15 U.S.C. § 1071(b))**

51. Airbnb repeats and incorporates by reference the allegations in the preceding paragraphs.

52. Defendant's use and registration of the Infringing Mark in connection with the services identified in the Application are likely to cause consumers to become confused, mistaken, or deceived and to falsely suggest a connection with Airbnb and/or the Airbnb Mark, within the meaning of 15 U.S.C. § 1052(d).

53. Defendant's use and registration of the Infringing Mark are likely to dilute the distinctiveness of the Airbnb Mark within the meaning of 15 U.S.C. § 1125(c).

54. For the foregoing reasons, Airbnb will be damaged by Defendant's registration and has been damaged by Defendant's use of the Infringing Mark, and in view of Airbnb's prior rights in the Airbnb Mark, Defendant is not entitled to registration of the Infringing Mark pursuant to the Lanham Act.

55. Thus, the Board should have sustained Airbnb's opposition.

56. Pursuant to 15 U.S.C. § 1071(b), this Court should conduct a *de novo* review and vacate the Order.

57. Pursuant to 15 U.S.C. § 1071(b), the Court should order the USPTO to sustain Airbnb's opposition.

10

## COUNT II

### Federal Trademark Infringement

### (15 U.S.C. § 1114)

58. Airbnb repeats and incorporates by reference the allegations in the preceding paragraphs.

59. Airbnb is the sole and exclusive owner of the Airbnb Mark.

60. Airbnb owns federal registrations for the Airbnb Mark, namely, U.S. Reg. Nos. 3,890,025; 3,890,027; 3,971,784; 4,289,397; 4,329,542; 4,385,613; 4,884,815; and 4,983,513.

61. The Airbnb Mark is valid and enforceable, as are the foregoing registrations, and all of the registrations are incontestable.

62. Defendant has used and continues to use the Infringing Mark without Airbnb's authorization in connection with Defendant's Goods and Services, which are highly similar to Airbnb's Goods and Services.

63. Because of Defendant's conduct, consumers are likely to believe—incorrectly—that Defendant's Goods and Services originate from Airbnb or that Airbnb has licensed, endorsed, authorized, or sponsored Defendant to offer such goods and services or to use the Infringing Mark, or that Airbnb is affiliated with Defendant or its mark.

64. Defendant's conduct has caused and, unless enjoined by this Court, will continue to cause injury and irreparable harm to Airbnb and to Airbnb's goodwill in the Airbnb Mark.

65. Airbnb therefore is entitled to injunctive relief and to recover Defendant's profits from its infringement, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

11

COMPLAINT

CASE NO. 2:26 CV 3707

## COUNT III

### Federal Unfair Competition

### (15 U.S.C. § 1125(a))

66.    Airbnb repeats and incorporates by reference the allegations in the preceding paragraphs.

67.    The Airbnb Mark has been used continuously since at least March 4, 2009. Airbnb therefore owns extensive common-law rights in the marks.

68.    The Infringing Mark is confusingly similar to Airbnb's common law AIRBNB marks and has caused and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendant's Goods and Services are offered and rendered by Airbnb, or that Defendant's Goods and Services are affiliated, connected, or associated with Airbnb, or have Airbnb's sponsorship, endorsement, or approval.

69.    Airbnb therefore is entitled to injunctive relief and to recover Defendant's profits from its unlawful conduct, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1116 and 1117.

## COUNT IV

### Federal Trademark Dilution

### (15 U.S.C. § 1125(c))

70.    Airbnb repeats and incorporates by reference the allegations in the preceding paragraphs.

71.    Since at least 2009, Airbnb has exclusively and continuously promoted and used the Airbnb Mark in the United States. The Airbnb Mark became famous and a well-known symbol of Airbnb and Airbnb's Goods and Services among the general public in the United States well before Defendant began using the Infringing Mark.

72.    Defendant's use of the Infringing Mark dilutes and is likely to dilute the distinctiveness of Airbnb's famous Airbnb Mark by eroding the public's exclusive identification of that famous mark with Airbnb and otherwise lessening the capacity of

12

the Airbnb Mark to identify and distinguish Airbnb's Goods and Services.

73. Airbnb therefore is entitled to injunctive relief and to Defendant's profits from its unlawful conduct, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(c), 1116, and 1117.

**COUNT V**

**California Common Law Trademark Infringement**

74. Airbnb repeats and incorporates by reference the allegations in the preceding paragraphs.

75. The Airbnb Mark has been used continuously since at least March 4, 2009. Airbnb therefore owns extensive common-law rights in the marks that predate Defendant's use of the Infringing Mark.

76. The Airbnb Mark is distinctive, and California consumers have come to associate the Airbnb Mark with Airbnb.

77. Defendant has used and continues to use the Infringing Mark without Airbnb's authorization in connection with Defendant's Goods and Services, which are highly similar to Airbnb's Goods and Services.

78. Because of Defendant's conduct, consumers are likely to believe—incorrectly—that Defendant's Goods and Services originate from Airbnb or that Airbnb has licensed, endorsed, authorized, or sponsored Defendant to offer such goods and services or to use the Infringing Mark, or is affiliated with Defendant or its mark.

79. Defendant's conduct has caused and, unless enjoined by this Court, will continue to cause injury and irreparable harm to Airbnb and to Airbnb's goodwill in the Airbnb Mark.

80. Airbnb therefore is entitled to injunctive relief and to recover monetary damages.

13

## COUNT VI

### California Trademark Dilution

### (California Business & Professions Code § 14247 and Common Law)

81.     Airbnb repeats and incorporates by reference the allegations in the preceding paragraphs.

82.     The Airbnb Mark is a famous and well recognized mark and thus entitled to protection as "distinctive marks" under the California Anti-Dilution statute, California Business and Professions Code § 14247.

83.     By advertising, promoting, offering for sale, distributing, and rendering services using the Infringing Mark, Defendant has caused, and unless enjoined by this Court, will continue to cause, a likelihood of injury to Airbnb's business reputation and/or of dilution of the distinctive quality of the Airbnb Mark in violation of California Business and Professions Code § 14247.

84.     Defendant's violation of California's Anti-Dilution statute has caused, and unless enjoined by this Court, will continue to cause Airbnb irreparable harm. Therefore, in addition to monetary damages, Airbnb is entitled to preliminary and permanent injunctive relief.

## COUNT VI

### California Unfair Business Practices

### (California Business & Professions Code §§ 17200 *et seq.*)

85.     Plaintiff repeats and incorporates by reference the allegations in the preceding paragraphs.

86.     Defendant's conduct described above is likely to mislead or deceive the general public and therefore constitutes a violation of California Business and Professions Code §§ 17200 *et seq.*

87.     Defendant's conduct constitutes a violation of the Lanham Act and the statutory law of California.

88.     Defendant's conduct is causing confusion and deception among consumers

COMPLAINT                                                                    CASE NO. 2:26 CV 3707

and the general public, it offends public policy as set forth in the Lanham Act and the statutory law of California, it is substantially injurious to consumers, and it is without justification.

89.    Defendant's conduct is likely to deceive reasonable consumers, or has the capacity or tendency to do so, and Defendant's misrepresentations in purely commercial advertising as to its ownership of the Infringing Mark are material.

90.    On information and belief, as a direct and proximate result of Defendant's wrongful conduct, Airbnb has been injured in fact by the loss of exclusive use of the Airbnb Mark and the loss of control of its reputation and goodwill due to the likelihood of confusion. Such harm will continue unless Defendant's acts are enjoined by the Court. Airbnb has no adequate remedy at law, and therefore is entitled to an injunction prohibiting Defendant from continuing the practices described above.

## PRAYER FOR RELIEF

WHEREFORE, Airbnb respectfully prays that the Court enter judgment in its favor for each claim set forth above and award Airbnb relief including, but not limited to, the following:

1.    That the Court enter judgment vacating the Order of the Trademark Trial and Appeal Board dated February 3, 2026 and denying registration of the Application;

2.    An order that Defendant and its agents, employees, or persons in active concert or participation with Defendant, be permanently enjoined from:

   a. Using, in connection with the advertising, promotion, offering for sale, sale, distribution, and rendering of any good or service, any word, term, name, symbol, device, or combination that so resembles the Airbnb Mark as to be likely to cause confusion, mistake, or deception, including, without limitation, the Infringing Mark;

   b. Using any word, term, name, symbol, device, or combination that (i) causes or is likely to cause confusion, mistake, or deception as to the affiliation or association of Defendant or its services with Airbnb, or

15

COMPLAINT                                                    CASE NO. 2:26 CV 3707

as to the origin of Defendant's services, (ii) contains any false designation of origin, false or misleading description or representation of fact, or (iii) causes likely dilution of the Airbnb Mark, including, without limitation, the Infringing Mark;

c. Further infringing Airbnb's rights in and to the Airbnb Mark, or otherwise damaging Airbnb's goodwill or business reputation; and

d. Further diluting the famous Airbnb Mark.

3. An order awarding Airbnb its damages, for example, a lost license fee, and Defendant's profits from its unlawful conduct, in an amount to be proven at trial;

4. An order awarding Airbnb prejudgment and post judgment interest; and

5. An order awarding to Airbnb all such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Airbnb, Inc. demands that this action be tried to a jury.

Dated: April 7, 2026                    Respectfully submitted,

_/s/ Yungmoon Chang_
Yungmoon Chang (SBN 311673)
KIRKLAND & ELLIS LLP
695 Town Center Dr., Suite 1700
Costa Mesa, CA 92626
(310) 552-4200
(310) 552-5900 (fax)
yungmooon.chang@kirkland.com

Dale M. Cendali (*pro hac vice* forthcoming)
Mary Mazzello (*pro hac vice* forthcoming)
KIRKLAND & ELLIS LLP
601 Lexington Avenue, 44th Floor
New York, NY 10022
(212) 446-48000
(212) 446-4900 (fax)
dale.cendali@kirkland.com
mary.mazzello@kirkland.com

*Attorneys for Plaintiff Airbnb, Inc.*

16

COMPLAINT                                                    CASE NO. 2:26 CV 3707